United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40321
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LEON WATTS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-42-1
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Leon Watts appeals his jury-trial conviction for
possession with intent to distribute heroin, in violation of 21
U.S.C. § 841(a)(1), and possession of a prohibited object (heroin)
while being an inmate at a federal prison, in violation of 18
U.S.C. § 1791(a)(2). Watts argues that the evidence was
insufficient to sustain his conviction because (1) of a break in
the chain of custody of the heroin, (2) there was no evidence of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

intent to distribute, and (3) there was no evidence that he possessed the heroin.

The determination of the authenticity of the heroin was within the province of the jury, and the jury apparently was satisfied as to the integrity of the chain of custody. See United States v. Sparks, 2 F.3d 574, 582 (5th Cir. 1993). Moreover, viewing the evidence in the light most favorable to the Government, the testimony of Officers Gordon and Garnica and Melissa Taylor was sufficient to establish the authenticity of the heroin. See id.; United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982)(en banc).

Although, under normal circumstances, a small amount of heroin would be indicative of personal use, a rational juror could have found based on the testimony of Gordon and Bernard Jones that, in a prison setting, the evidence established Watts' intent to distribute the heroin. See Bell, 678 F.2d at 549. Watts' argument regarding the possession element is essentially a challenge to Gordon's credibility. As "[t]he jury is the ultimate arbiter of witnesses' credibility and is free to choose among reasonable constructions of the evidence," Watts' challenge to the possession element also fails. United States v. Garza, 990 F.2d 171, 175 (5th Cir. 1993).

Based on the foregoing, the district court's judgment is AFFIRMED.